UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,

            03 Cr. 990 (CLB)

      - against -

            *Memorandum and Order*

DAVID GREENE,

                Defendant.
----------------------------------------------------------x
Brieant, J.

      Before this Court for consideration is a Motion by Defendant docketed July 5, 2005 (Doc. 21) in response to a Scheduling Order of this Court dated May 25, 2005 that Defendant be resentenced consistent with an Order in the Court of Appeals filed April 19, 2005 and the decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).

      Briefly summarized, Mr. Greene was convicted on his plea of guilty for being a felon in possession of a firearm. He does not dispute the computation of the sentencing guidelines of thirty-seven to forty-six months made by the Probation Department and relied upon by this Court in its prior judgment. The Court sentenced the Defendant to a term of incarceration of forty-one months followed by three years of supervised release.

      At the time sentence was imposed, the Court regarded the sentencing guidelines as mandatory. The issue presented by *Crosby* is whether this Court "would have imposed a materially different sentence under the circumstances existing at the time of the original sentence, if the Judge had [sentenced] under the post-*Booker/Fanfan* Regime" (*Crosby* at 117).

The Court has reexamined the sentence imposed in this case. It is noteworthy that the sentence was imposed above the bottom end of the then mandatory guidelines and therefore the sentencing discretion of the Court was not, in fact, constrained by the then mandatory guidelines. The Court could have sentenced Mr. Greene for a term of imprisonment anywhere between thirty-seven and forty-six months.

This is an egregious case. The gun was warm when recovered by the Officer and it may be inferred that it was recently fired as part of a gun fight in a public street. The Defendant was a member of the Bloods, a notoriously violent street gang. He had a very serious criminal record although only twenty-two years of age, and his prior record contained a conviction for a wounding with a gun.

The Court is now urged to consider, in connection with resentencing, the youth of the Defendant and his history of drug abuse dating back to age eleven and to sentence at a lower level applying the Parsimony provision of § 3553(a) of Title XVIII of the United States Code. This principle received short shrift at the hands of the Sentencing Commission in fixing most of the guideline ranges, however, at the time the original sentence was imposed, this and all of the criteria found in § 3553(a) were in full force and binding on the Court in the exercise of its discretion as to where to sentence within the guideline range. The factual circumstances of this particular crime and the serious criminal record of the Defendant invoke a significant need for general and specific deterrence.

Based upon its review of the totality of the circumstances involving the sentence in this case, this Court concludes that the sentence, as imposed, was fair and reasonable and complied fully with the provisions of § 3553(a). The sentence was necessary in light of the facts noted and for the purpose of general and specific deterrence. The Court concludes that it would not have imposed a materially different sentence if the Court had been acting under sentencing guidelines that were purely advisory.

For the foregoing reasons, the Court adheres to its prior determination in this matter and the motion for resentencing is denied.

X

                X

                            X

                                      X

SO ORDERED.

SO ORDERED.

Dated: White Plains, New York
      September 23, 2005

                                            Charles L. Brieant, U.S.D.J.